UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**LISSETTE TEJEDA and**
**XPRESS GROCERY STORE, LLC**

    PLAINTIFFS,

Civil Action No._____

v.

**UNITED STATES OF AMERICA and**
**THOMAS VILSACK, SECRETARY,**
**UNITED STATES DEPARTMENT OF**
**AGRICULTURE**

    DEFENDANTS.

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiffs, Lissette Tejeda and Xpress Grocery Store, LLC, for their complaint against Defendants, the United States of America and Thomas Vilsack, Secretary, United States Department of Agriculture (collectively the "USDA" or "Defendants"), alleges as follows:

**NATURE OF ACTION**:

1. Plaintiffs operate a small food store and will be permanently disqualified from participation from the federal food stamp program if the determination made by the Secretary of the Agriculture is permitted to stand. Plaintiffs bring this actions pursuant to 7 U.S.C. § 2023(a)(13)-(17) to set aside that determination. Pursuant to 7 U.S.C. § 2023(a)(15), this action is a "trial de novo" in which "the court shall determine the validity of the questioned administrative action in issue."

2. The major source of Plaintiffs' food-store receipts are derived from food stamps, which are primarily redeemed through the electronic benefit transfer system.

## JURISDICTION

3. This Court has subject matter jurisdiction under 7 U.S.C. § 2023 and 7 C.F.R. 279.7 *et seq*. An actual controversy exists between Plaintiffs and Defendants in that Plaintiffs request a declaration of their rights and appropriate further relief pursuant to the provisions of 28 U.S.C. §§ 2201, 2202, and 1651.

4. Venue is proper in the district of Connecticut pursuant to 7 U.S.C. § 2023 (a)(13) and 28 U.S.C. § 1391(e).

## PARTIES

5. Plaintiff, Lissette Tejeda, is engaged in the retail sale of food products in the state of Connecticut.

6. Xpress Grocery Store, LLC, is a limited liability corporation incorporated in the state of Connecticut and engaged in the retail sale of food products within the state of Connecticut.

7. The United States of America is a named Defendant pursuant to 7 U.S.C. § 2023 (a)(13).

8. Defendant, Thomas Vilsack, oversees the operation of the Department of Agriculture, a subdivision is the Food and Nutrition Service. The Food and Nutrition Service administers the federal Food Stamp Program pursuant to authority delegated by the Secretary of Agriculture.

## THE CHARGES AND FACTS

9. Plaintiff, Lissette Tejeda, owns and operates Xpress Grocery Store, LLC, (hereinafter "Xpress Grocery") at 148 Woodland Street, Hartford, Connecticut, 06105.

10. Plaintiff, Lissette Tejeda, is a participant, through Xpress Grocery, in the Food Stamp Program ("FSP") which is governed by the USDA, through the Food and Nutrition Service.

11. On April 22, 2015, the USDA sent a letter ("Charge Letter") to Plaintiffs accusing them of "trafficking," as defined in section 271.2 of the FSP regulations and enclosing the aforementioned records of the EBT transactions.

12. This Charge Letter accused Plaintiffs of three specific trafficking violations between January 2015 and March 2015.

13. Specifically, the Charge Letter accused the Plaintiffs of (1) multiple transactions that were made too rapidly to be credible; (2) multiple transactions that were made from individual benefit accounts in allegedly unusually short time frames; (3) excessively large purchase transactions that were made from receipt accounts.

14. The Charge Letter warned that if Plaintiffs were determined to have committed these violations, they would be permanently disqualified from the Food Stamp Program and/or a civil monetary penalty enforced against it.

15. The Charge Letter provided Plaintiffs with ten calendar days within which to respond to these trafficking allegations.

16. In a letter dated April 25, 2015, Plaintiffs responded through its legal counsel, Alexander Aponte, denying the trafficking allegations and requesting a civil monetary payment in lieu of permanent disqualification and also made a FOIA request concerning the Charge Letter.

17. In a letter dated September 8, 2015, Defendants received a letter from Attorney Alexander Aponte who argued in favor of a civil monetary payment noting that the Charge Letter did not warrant disqualification.

18.  Specifically, Attorney Aponte argued that the allegations of the Charge Letter fell short to warrant permanent disqualification as there were less than two allegedly fraudulent transactions out of scores of transactions; the Plaintiffs were equipped with a scanner allowing them to process transactions faster than competitors; and that many of the Plaintiffs' SNAP recipients have large families and frequently visit the store to take advantage of the ethnic foods that the larger grocers do not offer.

19.  Furthermore, Attorney Alexander Aponte argued, concerning allegations that the same card was being used over a short period of time, that 75% of these transactions took place over an eight-hour period of time and that the shortest time between transactions was a full hour. Attorney Aponte noted that SNAP regulations permit different members of the same family to use an EBT card.

20.  Finally, concerning the allegations that there were too many large purchases, Attorney Aponte noted that 88% of the transactions were less than $100.00 and that these transactions were consistent with EBT statistical data; therefore, refuting the Defendants' position that Plaintiffs were engaged in trafficking.

21.  In an email dated September 16, 2015, the USDA requested evidence of scanning equipment, shopping baskets and calculators at the Plaintiffs' store and receipts and invoices.

22.  On September 29, 2015, Attorney Alexander complied with the USDA's request for additional documents and submitted register tapes, photographs showing merchandise, the store layout, calculator and purchase records, among other evidence refuting the Defendants' charge of trafficking.

23.  On October 6, 2015, the Defendants rejected the Plaintiffs' evidence and informed them that they were permanently disqualified and ineligible for a Civil Monetary Penalty.

24. On October 9, 2015, the Plaintiffs, through legal counsel, appealed the Defendants' decision and requested an administrative review of this action.

25. On December 1, 2015, the Defendants sustained their own decision rejecting the Plaintiffs' appeal and finding that the data showed the Plaintiffs engaged in activity consistent with trafficking.

26. Plaintiffs have never previously been permanently disqualified from by the USDA or any other government body concerning the SNAP program.

27. Here, the USDA never issued a warning, fine or suspension before permanently disqualifying the Plaintiffs from the SNAP program.

28. The imposition of a permanent disqualification is a burdensome and outsized penalty as it relates to the USDA's evidence. Permanent disqualification works a great hardship on Plaintiffs' business and its customers; it is contrary to law, and the USDA's own rules and regulations and is otherwise arbitrary and capricious.

29. At no time did the USDA reasonably consider Plaintiffs' legal arguments and the evidence offered by their legal counsel showing that trafficking did not occur and that a Civil Monetary Penalty was appropriate in these circumstances.

30. The USDA failed to fully and adequately investigate Plaintiffs' arguments and evidence before concluding that they were involved in trafficking; a fact in direct contrast to the evidence submitted to the Defendants.

**COUNT ONE-Trial de Novo Pursuant to 7 U.S.C. § 2023.**

31. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 30 as though fully set forth herein.

32. Pursuant to 7 C.F.R. 279.7(a), Plaintiffs file for judicial review of the permanent disqualification determination by the Defendants.

33. Without good cause that the Plaintiffs should not obtain a Civil Monetary Penalty, in these circumstances, the USDA has not met its burden of proving trafficking and therefore permanently disqualifying the Plaintiffs from the SNAP program is unlawful.

34. The Court should stay the administrative disqualification pursuant to 7 C.F.R. 279.7(d) because irreparable injury is occurring and Plaintiffs are likely to prevail on the merits of the case.  Pursuant to 7 C.F.R. 279.7(d), this Court may "[d]uring the pendency of any judicial review, or any appeal therefrom the administrative action under review shall remain in force unless the firm makes a timely application to the court and after hearing thereon, the court stays the administrative action after a showing that irreparable injury will occur absent a stay and that the firm is likely to prevail on the merits of the case."

35. Plaintiff are aggrieved by the determination of the USDA and aver that the agency's findings are unsupported by reliable probative evidence and are otherwise the product of unlawful agency action.

36. Permanent disqualification from the Food Stamp Program places an unusually harsh burden on the livelihood of the Plaintiffs in that they will never be able to own a store that can participate in the SNAP program; similarly, Plaintiffs are harmed in that they cannot serve the needy members of the community who must use their SNAP benefits for daily nutrition.

37. After all proceedings, contemplated by the statute, including trial de novo, the Court should issue a judgment declaring that the final agency's harsh decision to permanently disqualify is set aside.

## COUNT II
## VIOLATIONS OF ADMINISTRATIVE PROCEDURE ACT 5 U.S.C.A S 701 *et seq*.

38. Plaintiffs repeat and re-alleges the factual allegations contained in paragraphs 1 through 37 above, inclusive.

39. The USDA's determination is arbitrary and capricious and contrary to law because of irregularities in procedure in the following respects:

a. The USDA did not follow its own agency regulations in making a determination. Under 7 C.F.R. 278.6(d), such determination shall be based upon (1) the nature and scope of the violations committed by personnel of the firm; (2) any prior action taken by FNS to warn the firm about the possibility that violations are occurring and (3) any other evidence that shows the firm's intent to violate the regulations.

b. In the USDA's charge and determination letters, the agency did not indicate that it had considered all three of the above-mentioned prongs as the bases for their determination. In particular, the agency did not mention in its decision any prior action taken to warn the firm about the possibility that violations were occurring.

40. The determination was also arbitrary and capricious and contrary to law because it was unsupported by substantial evidence. The charge and determination letters did not articulate in a reasoned and deliberate fashion why the Plaintiffs should not receive a Civil Monetary Penalty nor provide substantial evidence to prove trafficking.

41. The USDA's determination was also arbitrary and capricious because the agency failed to review and consider Plaintiffs' responses pursuant to 7 C.F.R. 278.6(c). In its determination letters of April 22, 2015, and December 1, 2015, the USDA did not explain its consideration of the Plaintiffs' responses or articulate how and to what extent the responses played a role in its decision. This provided explanation of findings is wholly inadequate to justify the capital punishment sanction of permanent disqualification. No grounds for the penalty are analyzed or explained in sufficient detail as to warrant such harsh, permanent disbarment from the SNAP program.

## COUNT III
## UNLAWFUL DISQUALIFICATUON OF PLAINTIFF FROM CIVIL MONEY PENALTY IN LIEU OF PERMANT DISQUALIFICATION

42. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 41 above, inclusive.

43. Under 7 U.S.C. § 2021 (b)(3)(B), an owner charged with trafficking is eligible for a civil money penalty in lieu of permanent disqualification "if the Secretary determines that there is substantial evidence that [the] store…had an effective policy and program in effect to prevent violations of the [statute] and the regulations…" The Secretary, however, has refused to exercise the discretion mandated by Congress and had promulgated regulations that directly contravene the letter and the spirit of the statutory provision.

44. The regulations in question, 7 C.F.R. § 278.6 (i), create onerous requirements for written materials and record-keeping. These requirements, which are given, the misnomer, "criteria," must be satisfied in toto if a store is to become eligible for a civil penalty. The unfairness of the regulations is exacerbated by the failure of the Secretary to notify store owners of the strict liability rule and its consequences; the permanency of the disqualification; and the rigid criteria that must be satisfied.

45. The regulations contravene the express intent of Congress and are therefore invalid. The regulations also violate the Due Process Clause of the Fifth Amendment in that said regulations are unfair and flout the law, and trammel upon important property rights. Finally, the regulations are arbitrary, capricious and otherwise contrary to the spirit of the statute.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing allegations, Plaintiffs pray for the Court to grant the following relief:

(a) enter judgment in favor of the Plaintiffs; therefore, vacating and reversing Defendants' permanent-disqualification decision in light of insufficient proof and award damages for breach of procedural and substantive due process;

(b) stay the action of the USDA pending resolution of the instant action or issue an injunction reinstating Plaintiffs participation in the Food Stamp Program to prevent irreparable injury;

(c) award Plaintiffs reasonable attorney's fees and costs and interests and grant such other and further relief as the court deems just and appropriate.

**PLAINTIFFS REQUEST A TRIAL BY COURT**.

Dated: December 23, 2015

Respectfully Submitted,
PLAINTIFFS
Lissette Tejeda and Express Grocery, LLC
By their attorney,

/s/ Corey Brinson _____
Corey J. Brinson, Esq. (#ct26973)
Law Office of Corey J. Brinson, LLC
750 Main Street, Suite 902
Hartford, CT 06103
Email: corey@brinsonblegal.com